**THEIDA SALAZAR, ESQ.** SBN: 295547
**JONATHAN D. EVANS, ESQ.** SBN: 302887
**SALAZAR EVANS LLP**
117 E. Colorado Boulevard, #260
Pasadena, California  91105
P: 626.345.5402
F: 818.436.4009
E: salazar@salazarevanslaw.com
E: evans@salazarevanslaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA THOMPSON, an Individual; | **Case No.:** |
| Plaintiff, | **COMPLAINT** |
| v. | 1. **NEGLIGENCE** *CAL. CIV. CODE §1714*; |
| | 2. **PREMISE LIABILITY**; |
| PILOT TRAVEL CENTERS, LLC., a Foreign Entity; and  DOES 1 through 20, Inclusive, | 3. **UNSAFE CONDITION AND** |
| | 4. **DANGEROUS CONDITION OF PUBLIC PROPERTY** |
| Defendants. | |

COMES NOW, Plaintiff, CYNTHIA THOMPSON, by and through her attorneys of record, complains, alleges and avers as follows:

…

…

…

TC COMP| 1

…

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes regarding the simple slip and fall within a truck stop in Dothan, Alabama due to diversity, Plaintiff is a California resident thus the matter is under California laws.

2. Plaintiffs' statutory claims arise under including but not limited to negligence and failed maintenance of public premises.

3. The jurisdiction of this Court is invoked under 28 *U.S.C.* §1331.

4. This action, also, includes claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 *U.S.C.* §1367(a).

5. Furthermore, Berkshire Hathaway is the official owner of **PILOT TRAVEL CENTERS, LLC**, which has a diverse board that rendered the diversity subject matter jurisdiction. Specifically, Berkshire Hathaway has approximately 18 board members.

6. The board members are diverse and living in different states for instance: Warren Buffet resides in Omaha, Nebraska; Agit Jain resides in Manhattan, New York; Ronald L. Olson resides in Los Angles, California; Kenneth Chenault resides Mineola, New York and Sue Decker resides in Memphis, Tennessee.

7. Thus, due to the Board being diverse in locations Plaintiff states that the Board's diversity justifies the diversity subject matter jurisdiction. In this case there is extensive diversity that demonstrates that this case is ripe and sustained for diversity jurisdiction.

8. Additionally, this Court has diversity jurisdiction over Plaintiff's state law claims are pursuant to 28 *U.S.C.* §1367(a).

9. Venue is proper in the District of California pursuant to 28 *U.S.C.* §1391(b) because the Plaintiff received medical treatment for her injuries in the District of California.

10. The amount in controversy in this matter exceeds the sum of $250,000.00, exclusive of interest and costs.

SALZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

## PARTIES

11. Plaintiff, **CYNTHIA THOMPSON** ("MS. THOMPSON") is an Individual and at all times mentioned in this Complaint was as a resident of Los Angeles County, California and at all times herein.

12. Defendant, **PILOT TRAVEL CENTERS**, **LLC** ("PILOT") is a Foreign Entity that owns, employs, funds and operates the many trucks stops across the country. Defendant has stores operating as **FLYING J**, which is a network and subsidiary of **PILOT**, which is a network of travel centers in North America with over 750 locations. Plaintiff incident occurred at a truck stop store in 60300 located in Dothan, Alabama 92337.  PILOT has 43 California locations.

13. Plaintiff sues **DOES 1 through 20**, inclusive, herein under fictitious names. Plaintiff **MS. THOMPSON** does not know their true names and capacities. When Plaintiff ascertains the **DOE** Defendant' true names and capacities, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a **DOE** acted with the other Defendant and is responsible for the damages to Plaintiff herein alleged. Each reference in this Complaint to Defendant, or to any of them, also refers to all Defendant sued under fictitious names.

14. At all relevant times mentioned herein, Defendant aided and abetted the acts and omissions of the other Defendant in proximately causing the damages alleged herein.

## FACTUAL ALLEGATIONS

15. This case is personal injury matter arising from the common slip and fall.

16. On or about June 1, 2023, **MS. THOMPSON** was at a truck stop (**PILOT**# 60300 located at 2190 Ross Clark Circle in Dothan, Alabama.

17. **MS. THOMPSON** was simply at the store making a delivery when she tripped on an object sticking out of the ground; this object was a brass electrical outlet that failed to flush with the ground.

18. Plaintiff lost her balance and fell forward onto her left side, hitting her left wrist, left

TC COMP| 3

shoulder and left side of the head.

19. **MS. THOMPSON** immediately lost consciousness for a few minutes.

20. Upon regaining consciousness, Plaintiff developed a headache and pain on the left side of her body but was able to stand up and leave the store.

21. **MS. THOMPSON** contacted her husband to notify him of the devastating incident.

22. Thereafter, Plaintiff pain became localized in her left shoulder, left wrist, low back and left hip the next day coupled with headaches.

23. Thus, **MS. THOMPSON** went to urgent care on June 2, 2023.

24. Plaintiff traveled back to California a few days after the incident via airplane as she could not drive home.

25. **MS. THOMPSON** endured the headaches, pain in the left shoulder, left wrist, low back and left hip over the next days.

26. Plaintiff patient developed dizziness, light sensitivity, ear fullness, numbness and tingling sensation radiating from the left shoulder to the left fingers and from the low back to the left toes.

27. **MS. THOMPSON** also developed difficulty falling and staying asleep, depressed mood, difficulty concentrating and memory issues.

28. The unmaintained brass outlet caused Plaintiff to slip and fall.

29. The facts indicate **MS. THOMPSON** experienced an incomprehensible and dangerous situation.

30. Shockingly, to date, Defendant **PILOT** has failed to provide redress for its negligence.

31. These injuries required medical treatment at **MS. THOMPSON's** expense despite

Defendant's undoubted liability for said accident.

32. In order to receive recompense, Plaintiff **MS. THOMPSON** is filing this lawsuit.

# FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against PILOT)

33. Plaintiff reallges and incorporates by reference paragraphs one (1) through thirty-two (32) as though fully set herein

34. Defendant PILOT is a foreign registered business, which owns, maintains, manages and operates the subject premises as a truck stop store located at 603000 located 14320 Slover Avenue, Fontana, California 92337.

35. Berkshire Hathaway is the owner of PILOT.

36. *California Civil Code section 1714(a)*, states: "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

37. In said capacity of owner and operator, Defendant **PILOT** owed Plaintiff **MS. THOMPSON** a general duty of reasonable care, reasonable inspection and reasonable maintenance at the subject premises.

38. Defendant **PILOT** had a legal obligation to operate, maintain and manage the subject premises in a safe and reasonable manner while inviting patrons and being open to the public.

39. That Defendant **PILOT** had a legal obligation to maintain the subject premises in a safe and reasonable manner for its patrons and customers.

40. That Defendant **PILOT** had a duty to use due care in facilitating and maintaining the subject premises so as not to not cause injury to others.

41. Furthermore, Defendant **PILOT** failed to meet that duty.

…

…

42. Defendant **PILOT** breached its duty of care owed to the Plaintiff **MS. THOMPSON** by:
    (a) improperly maintaining the subject premises under the circumstances then and there existing;
    (b) failing to maintain the inside rounds on the subject premises where patrons are known to walk;
    (c) failing to observe and inspect the floors of the subject premises; failing to adequately remove an obtrusive, protruding outlet on the ground within the subject premises;
    (d) failing to exercise reasonable and ordinary care in the maintenance of the premises under the circumstances then and there existing; and
    (e) in other respects, not now known to the Plaintiff but which may become known prior to or at the time of trial.

43. Harm to Plaintiff was a foreseeable; due to the unmaintained brass outlet on ground of the subject premises.

44. That Defendant **PILOT** failed to use reasonable care by failing to inspect, failing to properly warn and failing to properly maintain the subject premises.

45. That Defendant **PILOT** given the circumstances, used unreasonable conduct by failing to maintain the subject premises in a safe condition.

46. The said failures undoubtedly caused Plaintiff **MS. THOMPSON** to slip and fall within the subject premises.

47. As a further proximate result of the condition created by Defendant **PILOT**, Plaintiff **MS. THOMPSON** has incurred medical and related expenses.

48. Defendant's **PILOT** acts and omissions were a substantial factor, direct and proximate cause in causing Plaintiff's injuries.

49. Plaintiff **MS. THOMPSON** has incurred medical and related expenses. As a result

of Defendant's negligence, Plaintiff has been damaged and has suffered damages in an amount in excess of $300,000.00.

## SECOND CAUSE OF ACTION
### PREMISE LIABILITY
### (Against PILOT)

50. Plaintiff realleges and incorporates by reference paragraphs one (1) through forty-nine (49) as though fully set herein.

51. California Courts hold that "[t]he owner of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm. A failure to fulfill this duty is negligence." *Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619.

52. More importantly, "the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corporation*, (2001) 114 Cal.Rptr.2d 470, 474

53. Furthermore, "property owners are liable for injuries on land they own, possess, or control…"*Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1162.

54. Defendant **PILOT**, owns, manages and operates the subject premises as a truck stop for patrons and customers in public areas.

55. Defendant **PILOT** has a legal obligation and duty to any person who enters the property, including the Plaintiff **MS. THOMPSON**.

56. Defendant **PILOT** subjected the Plaintiff **MS. THOMPSON** to an unreasonable risk of injury caused by the inadequate maintenance and subpar condition of the subject premises.

57. Defendant **PILOT**, not the Plaintiff, has control over the safety and condition of the subject premises.

58. At all times relevant, Plaintiff **MS. THOMPSON** acted in an authorized, reasonable, safe and harmless manner while at the subject premises; especially the fact of a known

1. protruding brass outlet that was a dangerous condition at the subject premises.

59. Upon information and belief, Defendant **PILOT** or one of its' agents or employees were fully aware of the protruding outlet as well as subsequently causing said outlet to remain on the ground without removal of said outlet.

60. Due to the severe unmaintained outlet, Plaintiff **MS. THOMPSON,** a patron, was injured on the subject premises in the following fashion: Plaintiff did slip and fall to the ground within the subject premises.

61. Despite knowledge of the obtrusive outlet, Defendant **PILOT** failed to maintain as well as failed to warn is inconsistent with the ordinary care required of a business owner and operator.

62. Defendant **PILOT** failed its legal obligation and duty.

63. Defendant **PILOT**'s conduct was the actual and proximate cause of the Plaintiff's damages, which are in excess of $250,000.00.

64. Defendant **PILOT** acted recklessly and oppressively, in negligent and conscious disregard of Plaintiff rights and safety negligently causing to harm Plaintiff.

65. Plaintiff's damages are in an amount that exceed $300,000.00.

### THIRD CAUSE OF ACTION
#### UNSAFE CONDITIONS
**(Against PILOT)**

66. Plaintiff realleges and incorporates herein by reference each and every allegation and statement contained in paragraphs one (1) through sixty-five (65) inclusive.

67. Courts opine, " '[t]he proprietor of a store who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his business visitors to an unreasonable risk, and who has no basis for believing that they will discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make the condition reasonably safe for their use or to give a warning adequate to enable them to avoid the harm. . . ."

SALZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

*Williams v. Carl Karcher Enters., Inc.* (1986) 182 Cal.App.3d 479, 488

68. Defendant **PILOT** was negligent in the maintenance of the subject premises by failing to maintain and warn of the severely protrusive outlet within said premises.

69. The unmaintained outlet condition within the subject premises created unreasonable risks of harm for the public and Plaintiff **MS. THOMPSON.**

70. That Defendant **PILOT** knew and failed to use reasonable care to rectify the unsafe condition within the subject premises.

71. Defendant **PILOT** failed to maintain the protruded outlet within the subject premises as well as giving an adequate warning to eliminate slip and falls within certain areas of the subject premises that were unrecognizable to the patrons and customers.

72. Plaintiff **MS. THOMPSON** states that Defendant **PILOT** caused harm to the financially and mentally.

73. Thus, Defendant **PILOT** harmed Plaintiff **MS. THOMPSON**.

74. As a proximate result of **PILOT**'s unsafe condition with the subject premises, Plaintiff has incurred economic damages in an amount according to proof.

75. As a result of Defendant's actions and omissions, Plaintiff **MS. THOMPSON** has incurred and suffered damages in an amount in excess of $300,000.00.

## FOURTH CAUSE OF ACTION
**DANGEROUS CONDITIONS ON PUBLIC PROPERTY**
**(Against PILOT)**

76. Plaintiff realleges and incorporates herein by reference each and every allegation and statement contained in paragraphs one (1) through seventy-five (75) inclusive.

77. "[A] public entity may be liable for a dangerous condition of public property even when the immediate cause of a plaintiff's injury is a third party's negligent or illegal act (such as failure to maintain subject premises), if some physical characteristic of the property exposes its users to increased danger from third party negligence or

criminality." *Castro v. City of Thousand Oaks* (2015) 239Cal.App.4th 1451, 1457−145.

78. Defendant **PILOT** owed the Plaintiff **MS. THOMPSON**, a patron, the duty to keep the subject premises in a reasonably safe condition for use.

79. Plaintiff **MS. THOMPSON**, an invited guest and patron, was injured on the subject premises caused by a dangerous condition, which existed on the subject premises at the time of the incident.

80. Defendant **PILOT** had actual notice and constructive notice of the existence of the dangerous condition, of the obtrusive outlet, in sufficient time prior to the injury to correct the condition.

81. Agents, representatives and/or employees of Defendant **PILOT** created the dangerous condition of the protruding within premises.

82. Defendant **PILOT** has reasonably foreseeable risk of the kind of injury that Plaintiff **MS. THOMPSON** would incur due to the extended outlet within the grounds at the subject premises.

83. Plaintiff **MS. THOMPSON** suffered injuries to the dangerous condition at **PILOT**.

84. The conduct of Defendant **PILOT**, its' agents, representatives, and employees was the actual and proximate cause of the Plaintiff's damages, which are in excess of $300,000.00.

…

…

…

…

…

…

…

**WHEREFORE**, Plaintiff **CYNTHIA THOMPSON** prays for judgment against Defendant as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For post judgment interest;
4. For costs of suits incurred herein; and
5. For such other and further relief as the Court may deem just and proper

Respectfully Submitted,

DATED this day 28th May, 2025.

**THEIDA SALAZAR, ESQ.**
**JONATHAN D. EVANS, ESQ.**
**SALAZAR EVANS LAW FIRM**
117 E. Colorado Boulevard, #260
Pasadena, California  91105
P: 626.345.5402
F: 818.436.4009
E: salazar@salazarevanslaw.com
E: evans@salazarevanslaw.com

*Attorneys for Plaintiff Cynthia Thompson*